FORT WORTH INDEPENDENT SCHOOL DIST. v. EMBREY DEVELOPMENT CO.

No. 4888.

Court of Civil Appeals of Texas. Amarillo.

April 18, 1938.

Rehearing Denied May 23, 1938.

R. M. Rowland, of Fort Worth, for appellant.

Ardell M. Young, J. Harold Craik, and Houtchens & Houtchens, all of Fort Worth, for appellee.

FOLLEY, Justice.

This is a condemnation suit by the appellant, Fort Worth Independent School District, against the appellee, the Embrey Development Company, a corporation, in which lot No. 1, in the A. S. Wear addition to the city of Fort Worth, was condemned as a part of the land necessary for a school site for the appellant.

For several years prior to the condemnation proceedings, the appellee had leased the lot in question to the Southland Ice Company. This company had operated one of its numerous "Totem Stores" mainly for the purpose of selling ice in the city of Fort Worth. Such company owned its own building and equipment and had only a

leasehold interest in the lot. Early in 1936, the lease contract between the appellee and the Southland Ice Company was renewed for two years. This contract provided for a monthly rental of $20, and covered the period from April 1, 1936, to March 31, 1938.

On June 30, 1936, the appellant school district entered into a contract with the Southland Ice Company to obtain possession of the lot as far as the ice company was concerned. This contract recited that the appellant would probably have to acquire the land by condemnation from the appellee, but that the appellant and the ice company desired to settle all matters between them to avoid the necessity of making the ice company a party to the condemnation proceedings. It was agreed that the appellant should pay the Southland Ice Company the sum of $670 in cash in full satisfaction for such company's rights and interests in the lot and for all damages of such company for vacating the premises. It was further agreed that from the amount of $670 the ice company should immediately pay to the appellee the sum of $420 in full payment for the balance of the rents due the appellee for the remainder of the two-year lease.

On July 1, 1936, the Southland Ice Company mailed its check to the appellee for the sum of $420, which was cashed by the appellee and the proceeds retained by it. In a letter accompanying this check the ice company informed the appellee that it had been advised by the school board that the lot in question was about to be condemned and the check enclosed was in payment of twenty-one months' rent to the expiration of the lease March 31, 1938. Immediately thereafter the Southland Ice Company vacated the premises.

On August 26, 1936, the appellant filed, in due form, its suit to condemn the property of the appellee. Special commissioners were duly appointed, proper notices issued, and a hearing held on October 16, 1936, at which time the commissioners fixed the value of the land at $750. They further found that the property was burdened with unpaid taxes in the sum of $130.92, and that the net value of the land was $619.08. The latter amount was deposited into the registry of the court by the appellant on October 22, 1936, at which time the appellant took possession of the property.

Within ten days after the award of the commissioners the appellee filed its objec-

tions to the award, as provided by section 6 of article 3266, R.C.S. Thereafter, a trial was had before a jury and damages were assessed at $2,000, upon which finding the court rendered judgment that the appellee should receive as damages the sum of $2,000, less the amount of taxes due upon the property.

The appellant filed a motion asking the trial court to allow it a further credit upon such judgment in the sum of $346.66, representing the amount of rents accruing after October 22, 1936, the date appellant took possession of the premises, upon the lease contract between the appellee and the Southland Ice Company, which had been paid by the latter to the appellee. The court overruled such motion, which action forms the basis of this appeal.

The appellee was not a party to the contract between the appellant and the Southland Ice Company, and no contention is made that it had any connection with such contract except in so far as it received the rental money in advance for the full unexpired term of the lease contract. The contract, on its face, shows that the appellant and the Southland Ice Company were attempting to adjust only the equities between themselves. In its petition for condemnation the appellant made no reference to any money previously paid by it to the Southland Ice Company, a portion of which having been received by the appellee, nor did it contend for any offset or credit by reason of such payment. So far as the record shows, the commissioners who first assessed the damages were not apprised of any such claim. After the commissioners made their award, the appellant paid the full amount into the registry of the court without any claim of such offset. Immediately thereafter the appellant took charge of the property. In the trial from which this appeal is prosecuted, although testimony was offered showing the payment of rent in advance to the appellee, no issue was requested by the appellant in regard to such offset and no request was made that the jury be instructed in regard to such payment in assessing the damages. Only one issue was submitted to the jury. This issue inquired of them the market value of the lot in question "at the time it was condemned in October, 1936," to which the jury answered $2,000. The record reveals that in October, 1936, and for several months prior thereto, the lot was vacant property, the ice company having removed its business from the premises. Some

eleven witnesses testified as to the value of the lot. The appellant's witnesses placed its value around $900. The appellee's witnesses placed its value from $3,500 to $4,000. All of these testified to such value as of October, 1936. Most of the witnesses stated that they had examined such lot at such time when it was a vacant lot. The first witness for the appellee as to value was Sterling P. Clark, who testified as follows: "I have inspected said lot and its surroundings with a view of appraising it and testifying to its value in this trial. I am acquainted with the market value of such property in Fort Worth as of October, 1936. In my judgment said lot, meaning the ground alone without any buildings thereon, had a fair cash market value in October, 1936, of $3500.00 to $4000.00."

From his testimony, and from that of the other witnesses, it is apparent that the estimates given were based upon the lot in its condition as a vacant lot. It therefore follows that the jury, in response to the issue submitted, fixed the damages for the taking of the lot in its condition in October, 1936. If the jury considered the testimony in regard to the advance payment of rent, the presumption would be that the sum of $2,000 was fixed as damages in addition to any rents received by the appellee. At least, we think the trial court would have been unauthorized to have arbitrarily decreased the sum of $2,000 by such an offset when there is an absence in the record of any showing that such sum was not the exact damages, in the opinion of the jury, sufficient to reimburse the appellee for the taking of its vacant lot in October, 1936. It is our opinion that the court did not err in overruling appellant's motion in this regard.

The judgment is affirmed.